

**Received**
04/03/23

**Filed**
04/03/23

Jason W. Kinzer,

    Petitioner

    v.

Commissioner of Internal Revenue

    Respondent

Electronically Filed
Docket No. 599-22
Document No. 11

# Notice of Appeal for the 5th Circuit

**SERVED 04/03/23**



**Received**  
04/03/23 02:31 pm

**Filed**  
04/03/23

Jason W. Kinzer,

    Petitioner

v.

Commissioner of Internal Revenue

    Respondent

Electronically Filed  
Docket No. 599-22  
Document No. 11

# Notice of Appeal

**SERVED 04/03/23**

# FORM 17

### NOTICE OF APPEAL TO COURT OF APPEALS FROM A DECISION OF THE UNITED STATES TAX COURT
(See Rules 190 and 191.)
www.ustaxcourt.gov

### UNITED STATES TAX COURT
Washington, D.C.

Docket No. 599-22

Jason W. Kinzer
Petitioner(s)

v.

Notice of Appeal

COMMISSIONER OF INTERNAL REVENUE,
Respondent

Jason W. Kinder _____ (name all parties taking the appeal)*

appeal to the United States Court of Appeals for the __Fifth__ Circuit from the

decision entered on __January 3, 2023__ (state the date the decision was entered).

(s)/Douglas Desjardins

Attorney for Jason W. Kinzer

Address: 1717 N St., NW, Suite 400, Washington, DC 20036

* See Rule 3(c) of the Federal Rules of Appellate Procedure for permissible ways of identifying appellants.



# United States Tax Court
Washington, DC 20217

JASON W. KINZER,

    Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,

    Respondent

Docket No. 599-22

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

    This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed October 4, 2022. In his motion, respondent asserts that this case should be dismissed for lack of jurisdiction on the grounds that the petition was not filed within the time prescribed in the Internal Revenue Code.

    On October 18, 2022, petitioner filed an Opposition to Motion to Dismiss for Lack of Jurisdiction. Petitioner alleges therein that delivery of the notice of deficiency to him by the U.S. Postal Service was delayed and argues that therefore the 90-day period within which to file a Tax Court petition should be extended to compensate for that delay.

    The record in this case reflects that a notice of deficiency for tax year 2018 was sent to petitioner's last known address by certified mail on October 12, 2021. In support of that mailing date respondent provided a certified mailing list bearing a postmark date of October 12, 2021, and showing that an item with tracking number 9307 1107 5620 9248 7220 76 was mailed to petitioner on that date. The notice of deficiency attached to the petition bears that same tracking number. A certified mail tracking record for that tracking number obtained by petitioner from the USPS website states "Pre-Shipment Info Sent to USPS, USPS Awaiting Item" on October 12, 2021. That certified mail tracking record further indicates that on October 15, 2021, the item with the just-described tracking number "Arrived at USPS Regional Destination Facility". Petitioner electronically filed his petition on January 18, 2022, which is 100 days after the date the notice of deficiency was mailed to petitioner.

    The Tax Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. *Breman v. Commissioner*, 66 T.C. 61, 66 (1976). In addition, jurisdiction must be proven affirmatively, and a taxpayer invoking our jurisdiction bears the burden of proving that we have jurisdiction over the taxpayer's case. *See Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975); *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 180 (1960).

**Entered and Served 01/03/23**

In a case seeking redetermination of a deficiency, the jurisdiction of the Court depends, in part, on the timely filing of a petition by the taxpayer. Rule 13(c), Tax Court Rules of Practice of Procedure; *Hallmark Research Collective v. Commissioner*, No. 21284-21, 159 T.C. (Nov. 29, 2022); *Normac, Inc. v. Commissioner*, 90 T.C. 142, 147 (1988). In this regard, and as relevant here, Internal Revenue Code (I.R.C.) section 6213(a) provides that the petition must be filed with the Court within 90 days after a valid notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). When a notice of deficiency is mailed prior to the date shown on that notice, the taxpayer may use the date of the notice in determining the last date to file a petition. *Loyd v. Commissioner*, T.C. Memo. 1984-172. If a petition is timely mailed and properly addressed to the Tax Court in Washington, D.C., it will be considered timely filed. *See* I.R.C. sec. 7502(a)(1). In order for the timely mailing/timely filing provision to apply, the envelope containing the petition must bear a postmark with a date that is on or before the last date for timely filing a petition. *See* I.R.C. sec. 7502(a)(2). If the postmark is missing or illegible, a taxpayer may present extrinsic evidence to prove the date of mailing. *See Anderson v. U.S.*, 966 F.2d 487 (9th Cir. 1992); *Mason v. Commissioner*, 68 T.C. 354 (1977). The notice of deficiency is sufficient if mailed to the taxpayer's last known address. I.R.C. sec. 6212(b). The statute does not require that respondent prove delivery or actual receipt of the notice of deficiency. *See Monge v. Commissioner*, 93 T.C. 22, 33 (1989).

Based on the date the IRS mailed the notice of deficiency in this case, the last day petitioner could timely file a petition with the Court was January 10, 2022. Additionally, the notice of deficiency stated that the last day to file a petition with the Tax Court was January 10, 2022. Petitioner electronically filed his petition on January 18, 2022, which was after the expiration of the 90-day period for timely filing a petition. Even if we were to accept October 15, 2021 (which is the first date appearing on the certified mail tracking record that indicates the notice of deficiency was in the possession of the USPS), as the date of mailing, the petition was still filed after the 90-day period expired.

Petitioner, however, argues that after mailing there was a delay in delivery of the notice of deficiency to him and that delay should be taken into account to extend the time period for timely filing his petition. Petitioner relies on the cases of *Rich v. Commissioner*, 250 F.2d 170 (5th Cir. 1957) and *Arkansas Motor Coaches, Ltd., Inc.*, 198 F.2d 189 (8th Cir. 1952) to assert that "the government can[not] take advantage of a delay in filing due to the negligence either of the employees in the Post Office or of the Internal Revenue Department". However, those cases are simply not on point. Both of those cases concern delays in the delivery and filing of a *petition* occurring after the petition was mailed to the Tax Court by the petitioner, rather than by alleged delays in the delivery of the notice of deficiency to a petitioner after the notice was mailed by the IRS. Furthermore, while petitioner does not explicitly state when he received the notice of deficiency, his opposition suggests that he received the notice of deficiency with ample time left to timely file a petition prior to the January 10, 2022, deadline.

The record establishes that the petition in this case was not timely filed. We have no authority to extend the period for timely filing the petition. *Hallmark*

*Research Collective, supra*; *Axe v. Commissioner*, 58 T.C. 256, 259 (1972). However, although petitioner may not prosecute this case in the Tax Court, petitioner may continue to pursue administrative resolution of the 2018 tax liability directly with the IRS. Another remedy potentially available to petitioner, if feasible, is to pay the amounts determined in the notice of deficiency, then file a claim for refund with the IRS. If the claim is denied or not acted on for six months, petitioner may file a suit for refund in the appropriate Federal district court or the U.S. Court of Federal Claims. *See McCormick v. Commissioner*, 55 T.C. 138, 142 n.5 (1970).

Upon due consideration of the foregoing, it is

ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction is granted and this case is dismissed for lack of jurisdiction.

**(Signed) Kathleen Kerrigan**
**Chief Judge**