**Received**
01/18/22 08:30 pm

**Filed**
01/18/22

1

Jason Kinzer,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed
Docket No. 599-22

# Petition

23-60177.3

**UNITED STATES TAX COURT**
www.ustaxcourt.gov

These forms can be filled-in and printed directly from Adobe Reader. However, please be aware that the To begin, move your mouse pointer over the Petitioner(s) name field. Your pointer will turn into a vertical beam, indicating that you are over

(FIRST)    (MIDDLE)    (LAST)

Jason W Kinzer
_____
(PLEASE TYPE OR PRINT)              Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket No. _____

**PETITION**

1. Please check the appropriate box(es) to show which IRS ACTION(S) you dispute:

☑ Notice of Deficiency

☐ Notice of Determination Concerning Collection Action

☐ Notice of Final Determination for [Full/Partial] Disallowance of Interest Abatement Claim (or Failure of IRS to Make Final Determination Within 180 Days After Claim for Abatement)*

☐ Notice of Determination of Worker Classification*

☐ Notice of Determination Concerning Relief From Joint and Several Liability Under Section 6015 (or Failure of IRS to Make Determination Within 6 Months After Election or Request for Relief)*

☐ Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the Department of State

☐ Notice of Determination Under Section 7623 Concerning Whistleblower Action*

*For additional information, please see "Taxpayer Information: Starting a Case" at www.ustaxcourt.gov (accessible by hyperlink from asterisks above, or in the Court's information booklet).

2. If applicable, provide the date(s) the IRS issued the NOTICE(S) checked above and the city and State of the IRS office(s) issuing the NOTICE(S): _October 12, 2020--Austin, Texas_

3. Provide the year(s) or period(s) for which the NOTICE(S) was/were issued: _2018_

4. SELECT ONE OF THE FOLLOWING (unless your case is a whistleblower or a certification action):

If you want your case conducted under small tax case procedures, check here: ☐   **(CHECK**
If you want your case conducted under regular tax case procedures, check here: ☑   **ONE BOX)**

NOTE: A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer or the IRS. If you do not check either box, the Court will file your case as a regular tax case.

5. Explain why you disagree with the IRS determination in this case (please list each point separately):

_The money I received from my former employer was not taxable as it was proceeds from a personal injury lawsuit._

_Simply put, it was not income._

_____

_____

_____

_____

T.C. FORM 2 (REV. 11/18)

6. State the facts upon which you rely (please list each point separately):

The pleadings, interrogatories and depositions in the original personal injury case clearly show that I suffered

physical injuries during the aircraft evacuation.  Further the punitive actions by my former employer caused me

severe emotional distress including the physical symptoms from post traumatic stress disorder.  The money I

received was designed to place me in the position I had been in prior to the evaluation.

**You may use additional pages to explain why you disagree with the IRS determination or to state additional facts.
Please do not submit tax forms, receipts, or other types of evidence with this petition.**

ENCLOSURES:

Please check the appropriate boxes to show that you have enclosed the following items with this petition:

☑ A copy of any NOTICE(S) the IRS issued to you

☑ Statement of Taxpayer Identification Number (Form 4) (See PRIVACY NOTICE below)

☑ The Request for Place of Trial (Form 5)         ☑ The filing fee

PRIVACY NOTICE:  Form 4 (Statement of Taxpayer Identification Number) will not be part of the Court's public files.
All other documents filed with the Court, including this Petition and any IRS Notice that you enclose with this Petition, will
become part of the Court's public files.  To protect your privacy, you are strongly encouraged to omit or remove from this
Petition, from any enclosed IRS Notice, and from any other document (other than Form 4) your taxpayer identification
number (e.g., your Social Security number) and certain other confidential information as specified in the Tax Court's "Notice
Regarding Privacy and Public Access to Case Files", available at www.ustaxcourt.gov.

| | | |
|---|---|---|
| SIGNATURE OF PETITIONER | DATE | 817-557-7350 |
| | | (AREA CODE) TELEPHONE NO. |

5234 Baker Blvd                                          Irving, TX 75039-0001

MAILING ADDRESS                                CITY, STATE, ZIP CODE

State of legal residence (if different from the mailing address): Texas        E-mail address (if any): jasonkinzer@sbcglobal.net

| | |
|---|---|
| | 817-557-7350 |
| SIGNATURE OF ADDITIONAL PETITIONER (e.g., SPOUSE)   DATE | (AREA CODE) TELEPHONE NO. |

MAILING ADDRESS                                CITY, STATE, ZIP CODE

State of legal residence (if different from the mailing address): _____   E-mail address (if any): _____

SIGNATURE OF COUNSEL, IF RETAINED  BY PETITIONER(S)         NAME OF COUNSEL         DATE

TAX COURT BAR NO.                        MAILING ADDRESS, CITY, STATE, ZIP CODE

E-MAIL ADDRESS                                (AREA CODE) TELEPHONE NO.



Department of the Treasury
Internal Revenue Service
STOP 6692 AUSC
AUSTIN TX 73301-0021



9307 1107 5620 9248 7220 76

| Notice | CP3219A |
|---|---|
| Tax year | 2018 |
| Notice date | October 12, 2021 |
| Social Security number | XXX-XX-4516 |
| AUR control number | 70063-0312 |
| To contact us | Phone 1-800-829-8310 |
| | Fax 1-877-477-0583 |
| Last date to petition Tax Court | January 10, 2022 |
| Page 1 of 9 | |

001151.165757.134204.10003 2 AB 0.461 1170

JASON W KINZER
5234 BAKER BLVD
IRVING TX 75039-0001



*57087451620181*

001151

# Notice of Deficiency
# Proposed increase in tax and notice of your right to challenge

We determined there is a deficiency (increase) in your 2018 income tax based on information we received from third parties (such as employers or financial institutions) that doesn't match the information you reported on your tax return. See below for an explanation of how we calculated this increase. This letter is your NOTICE OF DEFICIENCY, as required by law.

## Summary of proposed changes

| | |
|---|---|
| Increase in tax (deficiency) | $497,653 |
| Substantial tax understatement penalty | $99,531 |

**If you disagree:**
You have the right to challenge this determination in U.S. Tax Court. If you choose to do so, you must file your petition with the Tax Court by January 10, 2022. This date can't be extended. **See below for details about how and where to file a petition.**

**If you agree:**
You can pay now or receive a bill. **See the section below titled "If you agree with the proposed changes, you can pay now or receive a bill."**

**If you want to resolve this matter with the IRS**
You may be able to resolve this matter without going to the U.S. Tax Court if you contact us directly. See the **"You may be able to resolve your dispute with the IRS" section below.**

**If you want assistance**
You may be able to receive assistance from a Low-Income Taxpayer Clinic or from the Taxpayer Advocate Service. See the **"Additional information" section below.**

## You have the right to petition the Tax Court

You have the right to challenge our deficiency determination, including penalties, before making any payment by filing a petition with the U.S. Tax Court. You must file your petition within **90 days** (or **150 days** if the notice is addressed to a person outside of the United States) from the date of this letter, which is **January 10, 2022.** The Tax Court can't consider your case if you file the petition late. If you decide to file a petition, send it to:

United States Tax Court
400 Second Street, NW
Washington, DC 20217
Phone: (202) 521-0700

Continued on back...



| | |
|---|---|
| **Notice** | CP3219A |
| **Tax year** | 2018 |
| **Notice date** | October 12, 2021 |
| **Social security number** | 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 |
| **Page 2 of 9** | |

You can get a petition form and rules by downloading them from the U.S. Tax Court's website (**www.ustaxcourt.gov**) or by contacting the Office of the Clerk of the U.S. Tax Court at the address directly above.

Attach a complete copy of this letter including attachments to your petition and the filing fee of $60.00 payable by check or money order to the Tax Court. You can include all tax years you are contesting on one petition form. Do not send your petition form to the Internal Revenue Service. The petition must be filed with the Tax Court in Washington, DC.

**Time Limits on Filing a Petition**
The Court can't consider your case if you file the petition late.

A petition is considered timely filed if the Tax Court receives it within:
- 90 days from the date this letter was mailed to you, or
- 150 days from the date this letter was mailed to you if this letter is addressed to you outside of the United States.

A petition is also generally considered timely if the United States Postal Service postmark is within the 90 or 150-day period and the envelope containing the petition is properly addressed with the correct postage. The postmark rule doesn't apply if mailed using the mail service of a foreign country.

A petition is also generally considered timely if the date recorded by a designated private delivery service is within the 90 or 150-day period. Note not all services offered by private delivery companies are designated private delivery services. For a list of designated delivery services available for domestic and international mailings, see Notice 2016-30 on the IRS website at www.irs.gov/irb201618. Please note the list of approved delivery companies is subject to change.

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is $50,000 or less (including penalties) for any one tax year. You can get a copy of these simplified procedures on the Tax Court's website or by contacting the Tax Court.

Review this notice and compare our suggested changes to the information on your tax return for the tax year in question. NOTE: The amounts shown above may differ from your previous notice because not all items can be challenged in the Tax Court.

| **You may be able to resolve your dispute with the IRS** | **If you don't agree with the proposed changes and want us to consider additional information, you can mail or fax additional information to us:** |
|---|---|

- Mail additional information with the enclosed Form 5564 (or signed statement explaining which items you disagree with and why) to:

  STOP 6692 AUSC
  AUSTIN TX 73301-0021

- Fax additional information with the enclosed Form 5564 (or signed statement explaining which items you disagree with and why) to 1-877-477-0583.



**IRS**

| | |
|---|---|
| Notice | CP3219A |
| Tax year | 2018 |
| Notice date | October 12, 2021 |
| Social security number | 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 |
| Page 3 of 9 | |



001151

To resolve your dispute with the IRS, it is important you contact us IMMEDIATELY. Our consideration of any additional information will not extend the January 10, 2022 deadline to file a petition with the U.S. Tax Court.

| | |
|---|---|
| **If you agree with the proposed changes, you can pay now or receive a bill** | **If you agree with the proposed changes, you can pay your tax liability now or choose to receive a bill:**

• If you choose to pay some or all your tax liability now, you can enclose a check or money order payable to United States Treasury Department with the enclosed Form 5564, Notice of Deficiency Waiver, to the address below. We'll send you a bill for any unpaid tax, interest, and applicable penalties.

Internal Revenue Service
STOP 6692 AUSC
AUSTIN TX 73301-0021

• If you're not paying your tax liability now, sign the enclosed Form 5564, Notice of Deficiency Waiver, and mail it to the IRS at:

Internal Revenue Service
STOP 6692 AUSC
AUSTIN TX 73301-0021

We'll send you a bill for the amount due (including any interest and applicable penalties).

• NOTE: If you filed your tax return married filing jointly, **both** spouses must sign Form 5564.

• Do **NOT** mail the Form 5564 or any payment of your liability to the Tax Court. |
| **If we don't hear from you** | If we do not hear from you and you don't petition the U.S. Tax Court, we'll assess the additional tax you owe plus any applicable penalties and interest and send you a bill. |
| **Additional information** | Visit www.irs.gov/cp3219a for more information about this notice, frequently asked questions, and to review the following:
• Publication 1, Your Rights as a Taxpayer
• Publication 5181, Tax Returns Reviewed by Mail: CP2000, Letter 2030, CP2501, Letter 2531

For tax forms, instructions, and publications, visit www.irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).

Keep this notice for your records.

If you'd like to authorize someone to represent you before the IRS, please complete and send us the Power of Attorney and Declaration of Representative (Form 2848), before your representative contacts us on your behalf. |

Continued on back...

23-60177.8

| Notice | CP3219A |
|---|---|
| Tax year | 2018 |
| Notice date | October 12, 2021 |
| Social security number | 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 |
| Page 4 of 9 | |

The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help get you answers. If you filed a joint return, we're required to send a copy of this notice to both you and your spouse. Each copy contains the same information about your joint account.

**Low Income Taxpayer Clinics**
Tax professionals who are independent from the IRS may be able to help you. Low Income Taxpayer Clinics (LITCs) can represent low-income persons before the IRS or in court. LITCs can also help persons who speak English as a second language. Any services provided by an LITC must be for free or a small fee. To find an LITC near you:

- Go to www.taxpayeradvocate.irs.gov/litcmap;
- Download IRS Publication 4134, Low Income Taxpayer Clinic List, available at www.irs.gov/forms-pubs; or
- Call the IRS toll-free at 800-829-3676 and ask for a copy of Publication 4134.

State bar associations, state or local societies of accountants or enrolled agents, or other nonprofit tax professional organizations may also be able to provide referrals.

**Taxpayer Advocate Service**
The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help you get answers. However, you may be eligible for free help from the Taxpayer Advocate Service (TAS) if you can't resolve your tax problem with the IRS, or you believe an IRS procedure just isn't working as it should. TAS is an independent organization within the IRS that helps taxpayers and protects taxpayer rights. Contact your local Taxpayer Advocate office at:

 1114 Commerce Street 10th Floor, MC 1005DAL
 Dallas TX 75242
 214-413-6500
 855-829-1829

Or call TAS at 877-777-4778. For more information about TAS and your rights under the Taxpayer Bill of Rights, go to taxpayeradvocate.irs.gov. Do not send your Tax Court petition to the TAS address listed above. Use the Tax Court address provided earlier in the letter. Contacting TAS does not extend the time to file a petition.

23-60177.9



| Notice | CP3219A |
|---|---|
| Tax year | 2018 |
| Notice date | October 12, 2021 |
| Social security number | 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 |
| Page 5 of 9 | |

## Changes to your 2018 tax return

**Your income and deductions**

| | Shown on return | As corrected by IRS | Difference |
|---|---|---|---|
| Cancellation of debt | $0 | $1,119 | $1,119 |
| Nonemployee compensation | $0 | $1,242,668 | $1,242,668 |
| **Income net difference** | | | **$1,243,787** |
| | | | |
| Self-employment tax deduction | $0 | $16,641 | $16,641 |
| **Deduction net difference *1** | | | **$16,641** |
| **Change to taxable income** | | | **$1,227,146** |

**Your tax computations**

| | Shown on return | As corrected by IRS | Difference |
|---|---|---|---|
| Taxable income, Form 1040, line 10 | $1,908,466 | $3,135,612 | $1,227,146 |
| Tax, Form 1040, line 11 | $671,822 | $1,125,866 | $454,044 |
| Self-Employment tax, Schedule 4, line 57 | $0 | $33,281 | $33,281 |
| Additional Medicare tax, Schedule 4, line 62a | $15,484 | $25,812 | $10,328 |
| Total tax, Form 1040, line 15 | $687,306 | $1,184,959 | $497,653 |
| **Tax you owe** | | | **$497,653** |

**Payments**

| | Shown on return | As corrected by IRS | Difference |
|---|---|---|---|
| Income tax withheld, Form 1040, line 16 | $551,960 | $551,960 | $0 |
| **Total payments** | | | **$0** |

(*1) Increases to deductions result in a decrease to taxable income.

## Explanation of changes to your 2018 Form 1040

This section tells you specifically what income information the IRS received about you from others (including your employers, banks, mortgage holders, etc.). This information doesn't match the information you reported on your tax return.

Use the table to compare the data the IRS received from others to the information you reported on your tax return to understand where the difference(s) occurred. To assist you in reviewing your income amounts, the table may include both reported and unreported amounts.

**Nonemployee Compensation**

| Received from | Address | Account Information | Shown on return | Reported by others | Difference |
|---|---|---|---|---|---|
| ALLEGIANT CONTRACTORS | 1201 N. TOWN CENTER DRIVE LAS VEGAS NV 89144 | 000009798 SSN 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 Form 1099-MISC | $0 | $1,242,668 | $1,242,668 |

**Cancellation of Debt**

| Received from | Address | Account Information | Shown on return | Reported by others | Difference |
|---|---|---|---|---|---|
| COMPASS BANK RECOVERY | P.O. BOX 10566 BIRMINGHAM AL 35296 | 00000002100890063171 SSN 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 Form 1099-C Date 7/23/18 | $0 | $1,119 | $1,119 |

**Misidentified income**

If any of the income shown on this notice isn't yours, send us the name, address, and taxpayer identification number of the person who received the income. To prevent future incorrect reporting to the IRS, notify the payer to adjust their records to show the correct name and taxpayer identification number.

Continued on back...

**Form W-2 or 1099 not received**

The income reported on your return doesn't match the documents we received from your employer or payers. The law requires you to accurately report all income you receive. If your employers don't send proper information documents or forms (for example, Form W-2, Wage and Tax Statement, Form 1099), you must estimate your income based on your paycheck stubs, bank statements, or other records and include your estimate on your tax return.

**Cancellation of Debt - Form 1099-C**

If a federal government agency, financial institution, credit union, or other lender cancels or forgives a debt you owe, you may receive a Form 1099-C, Cancellation of Debt. In most cases, you must include the canceled or forgiven amount in your income. There are several situations in which you don't have to include the canceled amount as income, but these exclusions aren't automatic. You must claim the benefit of any exclusion by filing Form 982, Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment).

You can only exclude debt cancellation up to the insolvent amount. If you can exclude the canceled debt due to insolvency, provide a detail of your total assets and liabilities immediately before the discharge. You're insolvent to the extent your total liabilities exceeded your total assets. For more information and a worksheet to help calculate insolvency, see Publication 4681, Canceled Debts, Foreclosures, Repossessions and Abandonments (for Individuals). You must include any canceled debt that exceeds the amount of your insolvency as income on your tax return, unless another exclusion applies.

If you filed for bankruptcy, provide to us a copy of your bankruptcy paperwork to show you included the canceled debt in the bankruptcy. If you don't make payments you owe on a loan secured by property, the lender may foreclose on the loan or repossess the property, which is treated as a sale or exchange from which you may realize a gain or loss. If the lender foreclosed on your principal residence, you may realize ordinary income from cancellation of debt if the loan balance is more than the fair market value of the property. If the amount of principal you owed on your home mortgage was reduced as part of a loan modification, you may be able to exclude the amount of canceled debt from income.

For more information on these topics, see Publication 4681, Canceled Debts, Foreclosures, Repossessions, and Abandonments (for Individuals), or Publication 544, Sales and Other Dispositions of Assets.



**IRS**

| Notice | CP3219A |
|---|---|
| Tax year | 2018 |
| Notice date | October 12, 2021 |
| Social security number | 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 |
| Page 7 of 9 | |

**Self-Employment Tax on Self-Employment (SE) income**
We computed the self-employment (SE) tax on the net SE income from your reported and underreported SE income. SE income generally includes nonemployee compensation, merchant card payments, third party network payments, and other income from part-time or full-time work. Net earnings from SE income are subject to SE tax.

SE tax consists of Social Security tax of 12.4% and Medicare tax of 2.9% and, for SE income more than the thresholds for your filing status, an additional Medicare tax of 0.9%. Even if you paid the maximum amount of Social Security tax, you're still liable for Medicare tax and additional Medicare tax, if you're over the applicable threshold. The deductible part of the SE tax is based on the change we made to your SE tax. If you were an employee, you're liable for income tax and the employee's share of Social Security (6.2%), Medicare taxes (1.45%), and additional Medicare tax, if applicable. We'll credit your Social Security account with the amount of SE income shown on this notice. See Form 1040, Schedule SE, Self-Employment Tax, for more information.

**Additional Medicare tax**
We recalculated the additional Medicare tax based on proposed changes to your wages, Railroad Retirement Tax Act compensation, or self-employment income. The 0.9% additional Medicare tax applies when the total of an individual's Medicare wages, Railroad Retirement Tax Act compensation, and self-employment income exceeds one of the following:

- $250,000 for married filing jointly
- $125,000 for married filing separately
- $200,000 for taxpayers who file single, head of household, or qualifying widow(er).

---

| Penalties | We are required by law to charge any applicable penalties. |
|---|---|

| Substantial tax understatement | | |
|---|---|---|
| **Description** | | **Amount** |
| Accuracy-related penalty substantial understatement of tax - IRC 6662(b)(2); 6662(d) | | $99,531 |

If we increase your tax and the increase is more than the greater of 10% of your correct tax liability or $5,000, we're required to charge an accuracy-related penalty for the substantial understatement of tax. The penalty is 20% of the portion of the underpayment of tax attributable to a substantial understatement of income tax. We may reduce or eliminate the penalty if you send a signed statement with one of the following:

- Facts that support your treatment of the understated income and the authority for your decision, such as the Internal Revenue Code, Treasury Regulations, Revenue Rulings, Revenue Procedures, etc.
- An explanation as to how you clearly disclosed the item, such as by attaching Form 8275, Disclosure Statement, or Form 8275R, Regulation Disclosure Statement, and that there is a reasonable basis for your position.

Continued on back...

| | |
|---|---|
| Notice | CP3219A |
| Tax year | 2018 |
| Notice date | October 12, 2021 |
| Social security number | 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 |
| Page 8 of 9 | |

**Interest charges**

We are required by law to charge interest when you do not pay your liability on time. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay the amount you owe in full, including accrued interest and any penalty charges. Interest on some penalties accrues from the date we notify you of the penalty until it is paid in full. Interest on other penalties, such as failure to file a tax return, starts from the due date or extended due date of the return. Interest rates are variable and may change quarterly. (Internal Revenue Code Section 6601)

Interest is calculated to 30 days from the date of the notice for domestic addresses and 60 days from the date of the notice for foreign and APO/FPO/DPO addresses. Interest will continue to accrue until you pay the amount you owe in full.

| FORM 5564<br>(November 2016) | Department of the Treasury --- Internal Revenue Service<br>**Notice of Deficiency - Waiver** | Symbols<br>**AUSTIN TX<br>6692 AUSC** |
|---|---|---|
| Name and address of taxpayer(s) | **JASON W KINZER<br>5234 BAKER BLVD<br>IRVING TX 75039-0001**<br><br>**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** | October 12, 2021 |

| Kind of Tax<br>**Individual Income** | ☐   Copy to Authorized Representative | |
|---|---|---|

| Tax year ended<br>**December 31, 2018** | **Deficiency** | |
|---|---|---|
| | Increase in tax **$497,653** | Penalties |
| | | Accuracy-Related Penalty, IRC Section 6662(a)     **$99,531** |

001151



*57087451620181*

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest. Also, I waive the requirement under section 6532 (a) (1) of the Internal Revenue Code that a notice of claim disallowance be sent to me by certified mail for any overpayment shown on the attached report.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

| Signature | | Date |
|---|---|---|
| | | Date |
| By | Title | Date |

**Note:** If you consent to the assessment of the deficiencies shown in this waiver, *please sign and return this form* to limit the interest charge and expedite our bill to you. Please do not sign and return any prior notices you may have received. Your consent signature is required on this waiver, even if fully paid.

    Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled; nor prevent us from later determining, if necessary, that you owe additional tax: nor extend the time provided by law for such action.

If you later file a claim and the Service disallows it, you may file suit for refund in a District Court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign:** If you filed jointly, both you and your spouse must sign. Your attorney or agent may sign this waiver provided that action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

    If this waiver is signed by a person acting in a fiduciary capacity (for example, an executor, administrator, or a trustee), Form 56, Notice Concerning Fiduciary Relationship, should, unless previously filed, accompany this form.

**If you agree, please sign and return this form; keep one copy for your records.**

FORM 5564(Rev. 11-2016)

**Received**
03/03/22 11:18 am

**Filed**
03/03/22

5

Jason W. Kinzer,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed
Docket No. 599-22

Answer

Certificate of Service

23-60177.15

# UNITED STATES TAX COURT

Jason Kinzer,                              )
                                          )
                      Petitioner,         )
                                          )
          v.                              ) Docket No.  599-22
                                          )
Commissioner of Internal Revenue,         ) Filed Electronically
                                          )
                      Respondent.         )

## ANSWER

RESPONDENT, in answer to the petition filed in the above-entitled case, admits, denies, and alleges as follows:

1.      Admits.

2.      Denies that the notice was issued on October 12, 2020.  Alleges that the notice was issued on October 12, 2021.  Admits the remainder.

3.      Admits.

4.      Admits.

5.      Denies for a lack of sufficient information or knowledge.

6.      Denies for a lack of sufficient information or knowledge.

7.      Denies generally each and every allegation of the petition not herein specifically admitted, qualified or denied.

Docket No. 599-22                    - 2 -

WHEREFORE, it is prayed that the Court deny the relief sought in the

petition and approve, in all respects, the respondent's determination as set forth in

the notice of deficiency.

                                        DRITA TONUZI
                                        Deputy Chief Counsel (Operations)
                                        Internal Revenue Service

Date: March 1, 2022         By: _____
                                        STEPHANIE J. RAKOSKI
                                        Senior Counsel
                                        (Small Business/Self-Employed)
                                        Tax Court Bar No. JS0129
                                        4050 Alpha Road, 13th Floor
                                        Dallas, TX 75244-4203
                                        Telephone: (469) 801-1085
                                        Stephanie.J.Rakoski@irscounsel.treas.gov

OF COUNSEL:
JOSEPH W. SPIRES
Division Counsel (Small Business/Self-Employed)
AUDREY M. MORRIS
Area Counsel (Small Business/Self-Employed:Area 6)
CHRISTOPHER S. KIPPES
Associate Area Counsel (Small Business/Self-Employed:Dallas)

Docket No. 599-22                    - 3 -

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing ANSWER was served on

petitioner(s) by mailing the same on __3/3/2022__ in a postage paid wrapper

addressed as follows:

> Jason Kinzer
> 5234 Baker Blvd.
> Irving, TX 75039-0001

Date: ___3/3/2022___

_____
STEPHANIE J. RAKOSKI
Senior Counsel
(Small Business/Self-Employed)
Tax Court Bar No. JS0129



**Received**
03/11/22 10:01 am

**Filed**
03/11/22

6

Jason W. Kinzer,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed
Docket No. 599-22

Entry of Appearance for Petr. Jason W. Kinzer

23-60177.19

**SERVED 03/11/22**

# UNITED STATES TAX COURT

Jason Kinzer _____ ,

               Petitioner(s)

               v.

COMMISSIONER OF INTERNAL REVENUE,

               Respondent

Docket No. 599-22 _____

Filed Electronically

## ENTRY OF APPEARANCE

The undersigned, being duly admitted to practice before the United States Tax Court, hereby enters an appearance for _____ Petitioner Jason Kinzer _____ in the above-entitled case.

                                         (Party/Parties)

Dated: _____ 03/11/2022 _____

_____
                               Signature

Douglas P. Desjardins
_____
                             Printed Name

1717 N St. NW, Suite 300
_____
                             Office Address

Washington                   D.C./20036
_____
        City                    State/ZIP Code

(202) 638 - 5300
_____
            (Area Code) Telephone No.

DD22032
_____
                 Tax Court Bar No.

dpd@pangialaw.com
_____
                 E-mail Address

### A SEPARATE ENTRY OF APPEARANCE MUST BE FILED FOR EACH DOCKET NUMBER.

23-60177.20

**United States Tax Court**

Washington, DC 20217

7

| | |
|---|---|
| Jason W. Kinzer | |
| Petitioner | |
| v. | Docket No. 599-22 |
| Commissioner of Internal Revenue | |
| Respondent | |

<u>**Notice of Docket Change**</u>

| **Docket Entry No. 6 has been changed** |
|---|
| The filing party/parties has been changed from "Petr. Jason W. Kinzer" to "Douglas P. Desjardins". |

Stephanie A. Servoss
Clerk of the Court

**Served 03/11/22**



8

Jason W. Kinzer,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed

Docket No. 599-22

Document No. 8

# Motion to Dismiss for Lack of Jurisdiction

23-60177.22



**Received**

10/04/22 11:31 am

**Filed**

10/04/22

Jason W. Kinzer,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed

Docket No. 599-22

Document No. 8

# Motion to Dismiss for Lack of Jurisdiction

23-60177.23

**UNITED STATES TAX COURT**

```
Jason W. Kinzer,                    )
                                    )
                    Petitioner,     )
                                    )
                    v.              )   Docket No. 599-22
                                    )
Commissioner of Internal Revenue,   )   Filed Electronically
                                    )
                    Respondent.     )
```

**MOTION TO DISMISS FOR LACK OF JURISDICTION**

RESPONDENT MOVES that this case be dismissed for lack of jurisdiction because the petition filed was not filed within the time prescribed by I.R.C. §§ 6213(a) or 7502.

IN SUPPORT THEREOF, respondent respectfully states:

1.   The notice of deficiency dated October 12, 2021, upon which this case is based, was sent to petitioner's last known address by certified mail on October 12, 2021, as shown by the date stamped on the Facsimile PS Form 3877 ("Form 3877").  A copy of the notice of deficiency was attached to the petition. A copy of the Form 3877, is attached hereto as Exhibit A.

2.   The certified mail tracking number on the notice attached to the petition matches the tracking number shown on the certified mail list.

3.   The 90th day for timely filing a petition with this Court fell on Monday, January 10, 2022.

4.   The petition was electronically filed with the Tax Court on January 18, 2022, which was 8 days after the petition

Docket No. 599-22          - 2 -

due date.

5.   The petition was not filed with the Court within the time prescribed by I.R.C. §§ 6213(a) or 7502.

6.   Respondent attempted to ascertain petitioner's position with respect to this motion and respondent believes that petitioner objects to the granting of this motion.

WHEREFORE, it is prayed that this motion be granted.

DRITA TONUZI
Deputy Chief Counsel
(Operations)
Internal Revenue Service

Date: 10-03-2022          By: *Stephanie J. Rakoski*

STEPHANIE J. RAKOSKI
Senior Counsel
(Small Business/Self-Employed)
Tax Court Bar No. JS0129
4050 Alpha Road,13th Floor
MC 2000 NDAL
Dallas, TX 75244-4203
Telephone: (469) 801-1085
Stephanie.J.Rakoski@irscounsel.treas.gov

OF COUNSEL:
JOSEPH W. SPIRES
Division Counsel (Small Business/Self-Employed)
AUDREY M. MORRIS
Area Counsel (Small Business/Self-Employed:Area 6)
CHRISTOPHER S. KIPPES
Associate Area Counsel (Small Business/Self-Employed:Dallas)

Page: 9 of 73



| Name and Address of Sender | Job No. | Check type of mail or service: | Affix Stamp Here |
|---|---|---|---|
| IRS Ogden Service Center<br>1160 W 1200 S<br>Ogden, Utah 84201 | 167308.165674<br>Date:<br>10/07/2021<br>Tag:<br>AU88241C.AUSC.20211012 | ☒ Certified<br>☐ Delivery Confirmation<br>☐ Recorded Delivery (International)<br>☐ Registered | (If issued as a certificate of mailing or for additional copies of this bill)<br>Postmark and<br>Date of Receipt |

| Article Number | Addressee (Name, Street, City, State, & ZIP Code) | Postage | Fee | Dlvry. Cnfm. Fee | Rtrn. Rcpt. Fee |
|---|---|---|---|---|---|
| | | | 3.75 | | |

OCT 12 2021

USPS

| 156. | 9307 1107 5620 9248 7220 76 | JASON W KINZER<br>5234 BAKER BLVD<br>IRVING TX 75039-0001 | | 3.75 | | |

Certified a true and accurate copy of the original on file in the Internal Revenue Service Center at Austin Texas

Christine R. Mason    Digitally signed by Christine R. Mason
Date: 2022.07.05 12:21:28 -05'00'

Christine R. Mason
Manager, Automated Underreporter, Department 1

| | Pieces Listed by Mailer | Received at Post Office | Postmaster, Per: (Name of receiving USPS employee) | | | | |
|---|---|---|---|---|---|---|---|
| 1 | 18 | | | 0.000 | 67.50 | 0.00 | 0.00 |
| 2 | 160 | | | 0.000 | 600.00 | 0.00 | 0.00 |

Facsimile PS Form **3877**, February 2002          *1 = Page Subtotals:  -   *2 = Cumulative Totals:

cQuencer Version: 16.16.00

23-60177.26                                                                 Exhibit A



9

Jason W. Kinzer,

       Petitioner

       v.

Commissioner of Internal Revenue

       Respondent

Electronically Filed
Docket No. 599-22
Document No. 9

# Opposition to Motion to Dismiss for Lack of Jurisdiction

23-60177.27

**UNITED STATES TAX COURT**

Jason Kinzer,                    )
                                     )
                Plaintiff,      )
                                     ) Docket No. 599-22
              v.               )
                                     ) Filed Electronically
Commissioner of Internal Revenue,    )
                                     )
                Respondent.    )
                                     )

**OPPOSITION TO RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Petitioner opposes Respondent's motion to dismiss this case for lack of jurisdiction as Petitioner's late filing was due to the fault of the United State Postal Service and not the Petitioner's.

In support thereof, petitioner respectfully states the following:

1. While the 90-day period begins when the notice of deficiency is mailed under I.R.C. §§ 6213(a) the "government [can] not take advantage of a delay in filing due to the negligence either of the employees of the Post Office or of the employees in the Internal Revenue Department". *Rich v. C.I.R.*, 250 F.2d 170, 173 (5th Cir. 1957); *Arkansas Motor Coaches, Ltd., Inc. v. C.I.R.,* 198 F.2d 189, 192 (8th Cir. 1952).

2. The United State Postal Service has struggled for the past few years with delivering mail on time and, in some cases, at all. Beginning in May 2022, the Postal Service implemented slowdowns on first-class mail, which affects letter, small packages, bills, and tax documents. Ellen Ioanes, *Mail delays and price hikes are coming to USPS.*

*Here's why*, VOX, *available at* https://www.vox.com/2021/10/3/22707067/usps-mail-slower-more-expensive-why (last visited Oct. 18, 2022). This slowdown results in the mail being slower than the 1970s. This new policy has been called "disastrous". *Id*. In fact, in multiple states, there have been reports where residents had not received their mail in over a week. Kali Coleman, *USPS Is "Struggling" with This Delivery Problem, Postal Worker Says*, BESTLIFE, *available at* https://bestlifeonline.com/usps-struggling-staffing-issues-delivery-delays-news/ (last visited Oct. 18, 2022). (noting that a postal worker had spoken out to note that USPS's issues have no simple solution). Additionally, the Postal Service's decommissioning of 671 mail-sorting machines at facilities was so significantly detrimental to the ability of the workers to do their job hat the American Postal Workers Union filed a grievance against the U.S. Postal Service. Sophie Bushwick, *Mail-Sorting Machines Are Crucial for the U.S. Postal Service*, SCIENTIFIC AMERICAN**,** *available at* https://www.scientificamerican.com/article/mail-sorting-machines-are-crucial-for-the-u-s-postal-service/ (last visited Oct. 18, 2022).

3. The Notice of Deficiency was allegedly sent on October 12, 2021 by First Class Certified Mail.  The Notice was assigned the tracking number of 9307110756209248722076.  The purpose of these tracking numbers is to show where the package or letter is in transit. As of January 18, 2022 tracking USPS article 9307110756209248722076 shows that it was "In Transit, Arriving Late" with a projected arrival date of "October 20, 2021."  USPS Tracking for article 9307110756209248722076,  attached hereto and incorporated by reference as Exhibit 1. Assuming that the Notice did arrive on October 20, 2021, then the petition is timely filed.   The Respondent cannot meet their burden to prove that the notice was ever delivered nor received by Petitioner.

4.  The Petitioner electronically filed his petition with the Tax Court on January 18, 2022 within what he reasonably believed to be the 90 day filing deadline.

5.  The Petitioner filed after the filing deadline due to the fault of the U.S. Postal Service and the government cannot take advantage of this late filing. *Rich v. C.I.R.*, 250 F.2d 170, 173 (5th Cir. 1957); *Arkansas Motor Coaches, Ltd., Inc. v. C.I.R.,* 198 F.2d 189, 192 (8th Cir. 1952).

Wherefore, it is prayed that Respondent's Motion to Dismiss be denied.


Respectfully submitted,


/s/ Douglas Desjardins
Douglas Desjardins
**Pangia Law Group**
1717 N St., NW, Suite 300
Washington, DC  20036
Phone: (202) 638-5300
dpd@pangialaw.com

# Exhibit "1"

23-60177.31

# USPS Tracking®

FAQs >

## Track Another Package  +

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**
(https://reg.usps.com/xsell?
app=UspsTools&ref=ho nepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

## Tracking Number: 9307110756209248722076

Your package will arrive later than expected, but is still on its way. It is currently in transit to the next facility.

**USPS Tracking Plus™ Available** ⌄

# In Transit, Arriving Late

October 20, 2021

**Get Updates** ⌄

---

### Text & Email Updates                              ⌄

---

### Tracking History                                   ⌃

### October 20, 2021

23-60177.32

In Transit, Arriving Late
Your package will arrive later than expected, but is still on its way. It is currently in transit to the next facility.

**October 16, 2021, 6:04 am**
Departed USPS Regional Destination Facility
COPPELL TX DISTRIBUTION CENTER

**October 15, 2021, 11:51 am**
Arrived at USPS Regional Destination Facility
COPPELL TX DISTRIBUTION CENTER

**October 12, 2021**
Pre-Shipment Info Sent to USPS, USPS Awaiting Item

**USPS Tracking Plus™**                                         ⌄

**Product Information**                                         ⌄

**See Less** ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

23-60177.33

# United States Tax Court

Washington, DC 20217

JASON W. KINZER,

Petitioner

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent

10

Docket No. 599-22

## <u>ORDER OF DISMISSAL FOR LACK OF JURISDICTION</u>

This case is before the Court on respondent's Motion to Dismiss for Lack of
Jurisdiction, filed October 4, 2022. In his motion, respondent asserts that this case
should be dismissed for lack of jurisdiction on the grounds that the petition was not
filed within the time prescribed in the Internal Revenue Code.

On October 18, 2022, petitioner filed an Opposition to Motion to Dismiss for
Lack of Jurisdiction. Petitioner alleges therein that delivery of the notice of deficiency
to him by the U.S. Postal Service was delayed and argues that therefore the 90-day
period within which to file a Tax Court petition should be extended to compensate for
that delay.

The record in this case reflects that a notice of deficiency for tax year 2018 was
sent to petitioner's last known address by certified mail on October 12, 2021. In
support of that mailing date respondent provided a certified mailing list bearing a
postmark date of October 12, 2021, and showing that an item with tracking number
9307 1107 5620 9248 7220 76 was mailed to petitioner on that date. The notice of
deficiency attached to the petition bears that same tracking number. A certified mail
tracking record for that tracking number obtained by petitioner from the USPS
website states "Pre-Shipment Info Sent to USPS, USPS Awaiting Item" on October
12, 2021. That certified mail tracking record further indicates that on October 15,
2021, the item with the just-described tracking number "Arrived at USPS Regional
Destination Facility". Petitioner electronically filed his petition on January 18, 2022,
which is 100 days after the date the notice of deficiency was mailed to petitioner.

The Tax Court is a court of limited jurisdiction. It may therefore exercise
jurisdiction only to the extent expressly provided by statute. *Breman v. Commissioner*,
66 T.C. 61, 66 (1976). In addition, jurisdiction must be proven affirmatively, and a
taxpayer invoking our jurisdiction bears the burden of proving that we have
jurisdiction over the taxpayer's case. *See Fehrs v. Commissioner*, 65 T.C. 346, 348
(1975); *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 180 (1960).

**Entered and Served 01/03/23**

In a case seeking redetermination of a deficiency, the jurisdiction of the Court depends, in part, on the timely filing of a petition by the taxpayer. Rule 13(c), Tax Court Rules of Practice and Procedure; *Hallmark Research Collective v. Commissioner*, No. 21284-21, 159 T.C. (Nov. 29, 2022); *Normac, Inc. v. Commissioner*, 90 T.C. 142, 147 (1988). In this regard, and as relevant here, Internal Revenue Code (I.R.C.) section 6213(a) provides that the petition must be filed with the Court within 90 days after a valid notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). When a notice of deficiency is mailed prior to the date shown on that notice, the taxpayer may use the date of the notice in determining the last date to file a petition. *Loyd v. Commissioner*, T.C. Memo. 1984-172. If a petition is timely mailed and properly addressed to the Tax Court in Washington, D.C., it will be considered timely filed. *See* I.R.C. sec. 7502(a)(1). In order for the timely mailing/timely filing provision to apply, the envelope containing the petition must bear a postmark with a date that is on or before the last date for timely filing a petition. *See* I.R.C. sec. 7502(a)(2). If the postmark is missing or illegible, a taxpayer may present extrinsic evidence to prove the date of mailing. *See Anderson v. U.S.*, 966 F.2d 487 (9th Cir. 1992); *Mason v. Commissioner*, 68 T.C. 354 (1977). The notice of deficiency is sufficient if mailed to the taxpayer's last known address. I.R.C. sec. 6212(b). The statute does not require that respondent prove delivery or actual receipt of the notice of deficiency. *See Monge v. Commissioner*, 93 T.C. 22, 33 (1989).

Based on the date the IRS mailed the notice of deficiency in this case, the last day petitioner could timely file a petition with the Court was January 10, 2022. Additionally, the notice of deficiency stated that the last day to file a petition with the Tax Court was January 10, 2022. Petitioner electronically filed his petition on January 18, 2022, which was after the expiration of the 90-day period for timely filing a petition. Even if we were to accept October 15, 2021 (which is the first date appearing on the certified mail tracking record that indicates the notice of deficiency was in the possession of the USPS), as the date of mailing, the petition was still filed after the 90-day period expired.

Petitioner, however, argues that after mailing there was a delay in delivery of the notice of deficiency to him and that delay should be taken into account to extend the time period for timely filing his petition. Petitioner relies on the cases of *Rich v. Commissioner*, 250 F.2d 170 (5th Cir. 1957) and *Arkansas Motor Coaches, Ltd., Inc.*, 198 F.2d 189 (8th Cir. 1952) to assert that "the government can[not] take advantage of a delay in filing due to the negligence either of the employees in the Post Office or of the Internal Revenue Department". However, those cases are simply not on point. Both of those cases concern delays in the delivery and filing of a *petition* occurring after the petition was mailed to the Tax Court by the petitioner, rather than by alleged delays in the delivery of the notice of deficiency to a petitioner after the notice was mailed by the IRS. Furthermore, while petitioner does not explicitly state when he received the notice of deficiency, his opposition suggests that he received the notice of deficiency with ample time left to timely file a petition prior to the January 10, 2022, deadline.

The record establishes that the petition in this case was not timely filed. We have no authority to extend the period for timely filing the petition. *Hallmark*

*Research Collective, supra*; *Axe v. Commissioner*, 58 T.C. 256, 259 (1972). However, although petitioner may not prosecute this case in the Tax Court, petitioner may continue to pursue administrative resolution of the 2018 tax liability directly with the IRS. Another remedy potentially available to petitioner, if feasible, is to pay the amounts determined in the notice of deficiency, then file a claim for refund with the IRS. If the claim is denied or not acted on for six months, petitioner may file a suit for refund in the appropriate Federal district court or the U.S. Court of Federal Claims. *See McCormick v. Commissioner*, 55 T.C. 138, 142 n.5 (1970).

Upon due consideration of the foregoing, it is

ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction is granted and this case is dismissed for lack of jurisdiction.

**(Signed) Kathleen Kerrigan**
**Chief Judge**



Jason W. Kinzer,

      Petitioner

      v.                                    Electronically Filed

Commissioner of Internal Revenue                Docket No. 599-22

      Respondent                     Document No. 11

# Notice of Appeal for the 5th Circuit



**Received**

04/03/23 02:31 pm

**Filed**

04/03/23

Jason W. Kinzer,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed

Docket No. 599-22

Document No. 11

# Notice of Appeal

**FORM 17**

NOTICE OF APPEAL TO COURT OF APPEALS FROM A DECISION OF
THE UNITED STATES TAX COURT
(See Rules 190 and 191.)
www.ustaxcourt.gov

UNITED STATES TAX COURT
Washington, D.C.

Docket No. 599-22

Jason W. Kinzer

Petitioner(s)

v.                                     Notice of Appeal

COMMISSIONER OF INTERNAL REVENUE,
Respondent

Jason W. Kinder _____ (name all parties taking the appeal)*

appeal to the United States Court of Appeals for the _____ Fifth _____ Circuit from the

decision entered on _____ January 3, 2023 _____ (state the date the decision was entered).

(s)/Douglas Desjardins _____

Attorney for Jason W. Kinzer _____

Address: 1717 N St., NW, Suite 400, Washington, DC 20036 _____

\* See Rule 3(c) of the Federal Rules of Appellate Procedure for permissible ways of identifying
appellants.



# United States Tax Court

Washington, DC 20217

12

JASON W. KINZER,

     Petitioner

     v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent

Docket No.  599-22.

## <u>NOTICE OF FILING OF NOTICE OF APPEAL TO COURT OF APPEALS</u>

TO:

| | | |
|---|---|---|
| Lyle W. Cayce, Clerk of Court<br>U. S. Court of Appeals<br> for the Fifth Circuit<br>F. Edward Herbert Building<br>600 S. Maestri Place<br>New Orleans, LA 70130 | William M. Paul<br>Acting Chief Counsel<br>Internal Revenue Service<br>1111 Constitution Ave, NW<br>Washington, DC 20224 | Douglas P. Desjardins<br>The Pangia Law Group<br>1717 N. St., NW<br>Suite 3000<br>Washington, DC 200236 |

The United States Court of Appeals for the **5th** Circuit and the parties are hereby notified that on **April 3, 2023, petitioner** filed a Notice of Appeal to Court of Appeals from the **January 3, 2023, order of dismissal for lack of jurisdiction** of the United States Tax Court.  A copy of that Notice of Appeal is herewith served upon you.

The parties are hereby notified that the papers constituting the record of the case in the United States Tax Court include any transcripts of proceedings. The record on appeal will be sent to the United States Court of Appeals **within 30 days of receiving the Court of Appeals case number**.

Counsel for the Commissioner of Internal Revenue are **FRANCESCA UGOLINI, CHIEF, APPELLATE SECTION, TAX DIVISION, UNITED STATES DEPARTMENT OF JUSTICE, P.O. BOX 502, WASHINGTON, D.C. 20044, UPON WHOM SERVICE OF DOCUMENTS AND PAPERS IN PROCEEDINGS IN THE COURT OF APPEALS IS TO BE MADE**, and William M. Paul, Acting Chief Counsel, Internal Revenue Service.

(Signed) Stephanie A. Servoss
Clerk of the Court

**Served 04/07/23**

Enclosures:  Copy of Notice of Appeal and Docket Entries.

Fee Paid:    Yes _____  No ___XX___

23-60177.41



13

Jason W. Kinzer,

      Petitioner

      v.                            Docket No. 599-22

Commissioner of Internal Revenue      Document No. 13

      Respondent

# Appellate Filing Fee Received

**SERVED 04/24/23**



# U.S. Tax Court Fees
# Appeals

This form may be used for the ordering and paying of services rendered by the United States Tax Court.

When paying the filing fee, use the Docket Number(s) communicated to you on the "Order to Pay" filing fee.

\* Required Field

First Name *

Douglas

Middle Initial

Last Name *

Desjardins

Street Address 1 *

Pangia Law Group

Street Address 2

1717 N Street NW

Country *

United States

City *

Washington

State/Province *

District Of Columbia

Zip/Postal Code *

20036

Phone Number *

(202) 638-5300

Extension

Email Address *

officeadmin@pangialaw.com

Number of Petitions ( $500.00 Each ) *

1

Docket Number 1 *

~~23001-77~~ 599-22

Total Dollar Amount *

$500.00

The content of this document may contain Sensitive But Unclassified (SBU) data and/or Controlled Unclassified Information (CUI).

23-60177.44